J-S34021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CRAIG PHILLIPS | : | |
| | : | |
| Appellant | : | No. 1246 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 5, 2021
In the Court of Common Pleas of Beaver County
Criminal Division at No:  CP-04-CR-0001529-2020

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED: February 13, 2024**

Michael Craig Phillips (Appellant) was found guilty, following a jury trial, of 12 sexual offenses against the minor child, D.M.  Three of the counts were rooted in D.M.'s allegation that Appellant showed her a video depicting "gay pornography."[1]  To corroborate that claim, the Commonwealth was permitted to introduce into evidence a photograph of Appellant performing fellatio on

_____

[1] Appellant was convicted of Count 1 - Involuntary Deviate Sexual Intercourse, 18 Pa.C.S.A. § 3123(b); Count 2 - Unlawful Contact with a Minor, 18 Pa.C.S.A. § 6318(a)(1); Counts 3 and 4 - Aggravated Indecent Assault, 18 Pa.C.S.A. § 3125(a)(7); Count 5 - Indecent Assault, 18 Pa.C.S.A. § 3126(a)(7); Count 6 - Endangering Welfare of Children, 18 Pa.C.S.A. § 4304(a); Count 7 - Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1)(ii); Count 8 – Criminal Use of Communication Facility, 18 Pa.C.S.A. § 7512(a); Count 9 – Indecent Assault,  18 Pa.C.S.A. § 3126(a)(7); Count 10 – Disseminating Explicit Sexual Material to a Minor, 18 Pa.C.S.A. § 5903(c)(1); Count 11 – Indecent Assault, 18 Pa.C.S.A. § 3126(a)(8); and Count 12 – Indecent Assault Without Consent, 18 Pa.C.S.A. § 3126(a)(1).  Appellant was charged with Counts 7, 8, and 10 based on his display of the pornographic video to D.M.

another man. Appellant now contends in this appeal that the judgment of sentence must be vacated in its entirety because the photo was both irrelevant and highly prejudicial at his trial.[2] We find merit in Appellant's claim that the photo was irrelevant and should have been excluded. However, we affirm the judgment of sentence because Appellant agreed at trial to have the jury instructed that the photo could be considered for the very purposes he now claims are prejudicial.

Appellant met Sydni Phillips in 2015, and they married in 2017. The minor victim in this case, D.M., is Phillips' daughter from a prior marriage. At all relevant times, D.M. resided with Phillips and Appellant on weekends and with her biological father on weekdays.

During their marriage, Appellant encouraged Phillips to seek out other sexual partners. N.T. Trial, 7/8/2021, at 106-07. He even drafted a "sex contract" to formalize the "rules and expectations" of such extramarital encounters. *See id*., at 47-48. The terms of this contract made it clear that Appellant "approved enthusiastically" of the arrangement. *Id*.

In fact, Appellant more than insinuated his own sexual interest in other men. A condition in the contract was the non-use of a condom during intercourse with Phillips so that Appellant would have "a little memento of

---

[2] Appellant also has challenged the verdict as being against the weight of the evidence. *See* Appellant's Brief, at 14. In substance, this claim merely reiterates the evidentiary issue, so no additional consideration is warranted.

your time together." ***Id***., at 49. Appellant also demanded that Phillips' partners send him "pictures, videos, or whatever else" they could provide. ***Id***.

Appellant's penchant for recording and viewing sexual acts was the unintended catalyst of the present case. In December 2019, D.M.'s step-sister, E.P., admitted to her mother that D.M. had shown her videos on Phillips' phone of Appellant and Phillips having sex.[3] E.P., who was six years old at the time, had gotten uncomfortable playing a "sexy game" with a friend, and she had learned that behavior from the explicit material D.M. had shown her. E.P. stated further that D.M., who was then nine years old, "had licked her vagina while they were in their bed." N.T. Trial, 7/7/2021, at 77, 81. When questioned further by her mother, E.P. relayed being told by D.M. that Appellant "touches her vagina." ***Id***., at 84.

The children's statements were reported to the police. Soon after that, the Beaver County Children and Youth Services agency (CYS) arranged for a forensic interviewer to speak with D.M. and E.P. In her interview with a CYS caseworker, D.M. stated that Appellant would sometimes "lick" her vagina, and she recounted one occasion, when she was about five years old, in which Phillips caught Appellant in the act of touching her genitals. ***See*** N.T. Trial, 7/9/2021, at 20-24.

---

[3] E.P. is a daughter from Appellant's prior marriage who resided at all relevant times with her mother. Appellant and Phillips also had two children together, neither of whom were involved in the present case.

She recalled that on another occasion in 2017, when D.M. was about seven years old, Appellant reportedly showed her "gay pornography" on his cell phone. *See id*., at 25. Finally, D.M. described a third incident, when she was about nine years old, in which Appellant touched her vagina while the two were in a bed. *Id*., at 28. The police contacted Appellant and Phillips after the interview, and both denied that the incidents described by D.M. had ever occurred.

In February 2020, while D.M.'s claims were still being investigated by the police, Appellant and Phillips met a man named Z.T., who moved into their home in March of that year. The three of them began a relationship in accordance with the "sex contract" Appellant had drafted. In July 2020, Phillips and Z.T. moved out of Appellant's home. During that period, Z.T. pressed Phillips to contact the police and substantiate D.M.'s allegations that Appellant had sexually abused her.

That same month, in July 2020, the police contacted Phillips for another interview, and she acquiesced. Phillips retracted her earlier statements, asserting that, in 2016, she once had caught Appellant abusing D.M. in their home, just as D.M. had described; she also had been told about the incident in which the child was shown a pornographic video. *See* N.T. Trial, 7/8/2021, at 72-76, 80-81. Despite fearing for D.M.'s safety, Phillips was reluctant to report the incidents because she was financially dependent on Appellant. *See id*., at 23-24.

Soon after Phillips' second interview, the police obtained a warrant to search Appellant's cell phone. The phone contained pornographic photos and videos depicting Phillips and Appellant taking part in various sexual acts. One series of photos created on March 16, 2020, showed Appellant and Phillips performing fellatio on Z.T.

Prior to trial, the Commonwealth sought to admit one of those photos. The proffered evidence, labeled "Commonwealth's Exhibit 4," was a full-color print-out of the digital version of the photo. The image completely filled an 8.5 by 11-inch sheet of paper.

The Commonwealth argued that the photo was relevant because several of the charges, *i.e.*, corruption of minors (Count 7), criminal use of a communication facility (Count 8), and disseminating explicit sexual material to a minor (Count 10), arose from D.M.'s claim that Appellant had shown her a pornographic video of two men. The Commonwealth argued that the explicit photo of Appellant and another man corroborated D.M.'s claim because it demonstrated Appellant's "sexual interest" in that kind of sexual activity.

> But [Phillips] is going to testify, I anticipate that she's going to say that this has been a sexual interest of [Appellant's] for years including the relevant time period in which [D.M.] was shown a photo, and then the photo just corroborates that it's a continuing sexual interest of his.
>
> Otherwise, it, it seems unlikely for a man, who is married to a woman, for us to say that he's watching gay pornography and showing it to a child when the natural thought process from that is that that's not even a sexual interest of his.

N.T. Trial, 7/6/2021, at 10.

Later, after the parties had given opening statements, the Commonwealth offered additional grounds for admitting the photo:

The defense in their opening talked about [Phillips'] story changing because she fell in love with [Z.T.], moved him in and started having sex with him. The photographs that the Commonwealth recovered from [Appellant's] phone is, in fact, [evidence of] a three-way sexual relationship with [Appellant, Phillips, and Z.T.]. I believe that door's open now, and I can show that photo, so I believe that door has been opened, and now that I can actually show that photograph to [rebut the theory that] she was cheating on him.

N.T. Trial, 7.7/2021, at 232.

In response, defense counsel disagreed that Appellant's sexual relationship with Z.T. had ever been disputed or otherwise put at issue. *Id*., at 233-34. The defense stipulated that Appellant and Z.T. had been sexually involved prior to Phillips' decision to support D.M.'s accusations against Appellant. *See id*. It was only after Phillips and Z.T. had decided to become sexually exclusive with each other, rather, that Phillips would have had a motive to incriminate Appellant. *See id*, at 235-37.

On the following day of the trial, the defense renewed its objection to the admission of the photo exhibit. *See* N.T. Trial, 7/8/2021, at 52. After the objection was overruled, the defense then requested, and was granted, a cautionary jury instruction as to the photo's possible relevance:

The photo and reference to the photo is being admitted for the purposes of relating to the witness's relationship with [Z.T.] as well as with respect to the issue that relates to the alleged incident showing gay porn. Those are the purposes and reasons why this exhibit is being admitted, and that's what you will be considering.

- 6 -

> You are, however, not to consider this evidence as probative, meaningful, for any other purpose including whether or not [Appellant] has a sexual interest in children.

*Id*., at 57. Defense counsel did not object to the instruction or renew the earlier objections made with respect to the photo's admission.

In its closing statement to the jury, the Commonwealth again stated that the subject photo exhibit was relevant only for "corroboration" of other evidence:

> Next in this case, I admitted into evidence a photograph that was referred to by counsel for the Commonwealth as well as for [Appellant]. This photograph was admitted into evidence for the purpose of corroboration. It is not a pleasant photograph to look at necessarily. You should not let it stir up your emotions to the prejudice of [Appellant]. Your verdict must be based on a rational and fair consideration of all the evidence and not on passion or prejudice against [Appellant], the Commonwealth, or anyone else connected to this case.

N.T. Trial, 7/12/2021, at 95-96.

Appellant was found guilty as charged, and the judgment of sentence was entered by the Court of Common Pleas of Beaver County (trial court) on November 5, 2021. Counsel for Appellant filed a timely post-sentence motion three days later. Counsel also filed a motion for an extension of time to file a supplemental post-sentence motion, which the trial court granted, and a supplemental post-sentence motion was timely filed. The trial court denied

the supplemental post-sentence motion on July 27, 2022, and a timely notice of appeal was filed on September 15, 2022.[4]

In compliance with Pa.R.A.P. 1925, the trial court entered an opinion giving the reasons why the judgment of sentence should be affirmed. **See** Trial Court 1925(a) Opinion, 11/14/2022, at 12-15. As to the admission of the disputed photo exhibit, the trial court first found that it was "highly probative in corroborating" D.M.'s testimony that Appellant "showed D.M. gay pornography on his phone." **Id**., at 13. The trial court reasoned further that "without the context provided by this documentary evidence . . . it would be much easier for the jury to disbelieve D.M.'s testimony that [Appellant] had been watching gay pornography." **Id**., at 14.

Further, the trial court found that the photo was relevant to corroborate Phillips' testimony regarding the nature of her relationship with Z.T., as well as Appellant's sexual interest in men. **See id**. It was noted by the trial court that the photo "was contrary to the characterization" of the relationship made by Appellant's defense counsel in the opening statement. **See id**.

In this appeal, Appellant's only claim is that he is entitled to a new trial as to all 12 of his convictions because he was unfairly prejudiced by the trial court's erroneous admission of the Commonwealth's photo exhibit. He argues that the photo was improperly admitted because under Pa.R.E. 404(b), it was

---

[4] Appellant's counsel missed the deadline for filing an appeal, but postconviction relief was granted on September 1, 2022, reinstating Appellant's appellate rights, *nunc pro tunc*.

evidence of a "wrong or other act" that could not be used to prove Appellant's character or propensity to commit the charged crimes. **See** Appellant's Brief, at 9-13.

The Commonwealth responds that the rule relied upon by Appellant (Pa.R.E. 404(b)) does not apply because the parties had agreed at trial that the photo did not depict a crime, wrong, or other act, as defined by the rule. According to the Commonwealth, the photo was properly admitted because it was relevant to prove issues of material fact, *i.e.*, to bolster the credibility of D.M. and Phillips, and thereby prove the charges arising from D.M. being shown a pornographic video.

"The question of admissibility of photographs . . . is a matter within the discretion of the trial judge, and only an abuse of that discretion will constitute reversible error." **Commonwealth v. Stein**, 548 A.2d 1230, 1233 (Pa. Super. 1988). An abuse of discretion occurs where the trial court's ruling results from "manifest unreasonableness, partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." **Commonwealth v. Laird**, 988 A.2d 618, 636 (Pa. 2010). "Further, discretion is abused when the law is either overridden or misapplied." **Commonwealth v. Hoover**, 107 A.3d 723, 729 (Pa. 2014).

When ruling on a photo's admissibility, the trial court must apply a two-step analysis. **See Commonwealth v. Hubbard**, 372 A.2d 687, 697 (Pa. 1977). First, the trial court must determine whether the photo is "inflammatory," which is defined as casting "such an unfair light that it would

tend to cloud an objective assessment of the guilt or innocence of the defendant." *Hubbard*, 372 A.2d at 697. If the photo is found to be inflammatory, then it may be admitted only if the trial court determines it to be "of such essential evidentiary value that [its] need clearly outweighs the likelihood of [it] inflaming the passions of the jurors." *Commonwealth v. Strong*, 563 A.2d 479, 483 (Pa. 1989).

Photos that are found not to be inflammatory are subject to the usual relevance standard of evidence. *See id*. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." *Commonwealth v. Spiewak*, 617 A.2d 696, 699 (Pa. 1992). In order for relevant evidence to be admissible, its probative value must outweigh "its prejudicial impact." *Id*. (citing *Commonwealth v. Story*, 383 A.2d 155, 160 (Pa. 1978)).

There is no need for the court to weigh the probative value of evidence against its prejudicial impact when the evidence is completely irrelevant. *See Story*, 383 A.2d at 160. On review of the erroneous admission of evidence that is not relevant, an appellate court only has to assess whether the error was harmless beyond a reasonable doubt. *See Commonwealth v. Robinson*, 721 A.2d 344, 350 (Pa. 1998). An error is harmless where:

> (1) the error did not prejudice the defendant or the prejudice was de minimis; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so

overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Id*.

Here, we agree in part with the Commonwealth that the photo's admissibility is not governed by Pa.R.E. 404(b). When the parties were litigating this issue at trial, they all concluded that the photo did not fall within the purview of the rule, as it did not depict Appellant committing a crime, and defense counsel made it clear that Appellant's act of consensual oral sex with another man did not qualify as a "prior bad act." N.T. Trial, 7/6/2021, at 11; N.T. Trial, 7/12/2021, at 25. Nor do we need to analyze the photo in the context of the inflammatory evidence standard, as Appellant does not raise that issue in his brief.[5]

Since those standards of admissibility do not apply, the photo's admission is subject to the general test of relevance. The Commonwealth has advanced two alternative ways in which the photo was relevant. The first proposed basis is that the photo demonstrated Appellant's "sexual interest" in other men, tending to make D.M.'s allegation of being shown "gay pornography" more credible. We find this argument to be entirely unpersuasive.

---

[5] Appellant acknowledges in his brief that the parties had agreed at trial that the subject photo was not evidence of a "prior bad act" or a crime for the purposes of Pa.R.E. 404(b). **See** Appellant's Brief, at 9. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

- 11 -

D.M. claimed that Appellant once showed her a video of two men engaged in a sexual act, and the child described the video as "gay pornography." The Commonwealth charged Appellant with three offenses based on that allegation: corruption of minors; criminal use of a communication facility; and disseminating sexually explicit material to a child. *See* 18 Pa.C.S.A. § 6301(a)(1)(ii), 18 Pa.C.S.A. § 7512(a), and 18 Pa.C.S.A. § 5903(c)(1), respectively.

While the act of showing a child pornography on an electronic device would certainly establish material elements of those offenses, the Commonwealth's photo exhibit was simply not germane to any issues of material fact. It was not alleged that the victim was ever shown the subject photo. The fact that Appellant is bi-sexual did not make it any more or less likely that he committed the above offenses by showing the child a pornographic video. Nor did the photo depicting Appellant in a sexual act with another man have any discernable bearing on D.M.'s veracity.

Even if Appellant's sexuality was somehow relevant, it was never in dispute such that documentation of it could assist the jury in deciding the existence of a material fact in this case. Appellant had admitted that he was bi-sexual, and he did not object to the admission of a "sex contract" in which he clearly expressed his desire for extramarital sexual relations with other men. The enlarged and full color photo of Appellant engaged in a sexual act with other consenting adults was not probative as to whether D.M. was shown

a pornographic video of two men several years before that photo was even taken.

The Commonwealth's alternative ground for the photo's relevance is that it rebutted the defense theory that Phillips had a motive to testify falsely against Appellant. In the opening statement, defense counsel suggested that Phillips had lied about witnessing D.M.'s sexual abuse so that she could "carry on a relationship with [Z.T.]" N.T. Trial, 7/7/2021, at 41. The Commonwealth argues that the photo undercuts that claim because it proves Appellant consented to the sexual relationship between Phillips and Z.T.

It evident from our review of the record that the Commonwealth has misconstrued both the defense's position and the import of the evidence it sought to have admitted in rebuttal. The photo now at issue was created in March 2020. Appellant never disputed that he and Phillips were both sexually involved with Z.T. at that time. Phillips came forward to the police in July 2020, which temporally coincided with her decision to live with Z.T. after the two of them moved out of Appellant's house. Thus, the fact that Appellant was intimate with Z.T. at the time the photo was taken in no way refutes the defense's theory about why Phillips *later* decided to testify against Appellant.

Having found that the trial court erred in admitting the Commonwealth's photo exhibit, we must now determine whether its admission was harmless error. As noted above, the trial court admitted the photo for two improper purposes – to corroborate D.M.'s claim that Appellant showed her "gay pornography" and to clarify the relationship between Phillips and Z.T. These

dual purposes were emphasized in a cautionary instruction, which the jury is presumed to have followed. *See Commonwealth v. Gease*, 696 A.2d 130, 135 (Pa. 1997).

Assuming, as we must, that the jury heeded the cautionary instruction and considered the Commonwealth's photo exhibit for improper purposes, it would be difficult to conclude that the jury only relied on relevant evidence when entering its verdict. The instruction essentially advised the jury that the photo was probative of material issues despite its utter lack of probative value.

However, our harmless error analysis is complicated by the fact that it was defense counsel who requested the instruction. When it was given, counsel did not make a contemporaneous objection, renew the earlier objections, or otherwise convey dissatisfaction with the express limitations on the photo's relevance. *See* N.T. Trial, 7/8/2021, at 55, 57. This communicated to the trial court that no further relief was being sought and that the instruction resolved the earlier objections to the photo's admission. *See Commonwealth v. LaCava*, 666 A.2d 221, 228 (Pa. 1995) ("Significantly, trial counsel requested no further instructions and no mistrial, thereby evidencing his apparent satisfaction with the limiting instruction before the verdict was entered.").

As a result of his acceptance of the instruction, Appellant is precluded from now claiming that the photo prejudiced him. That is, he cannot assert on appeal that the photo was irrelevant and prejudicial when he had indicated at trial that his challenge to its admission had been sufficiently addressed.

Thus, we are constrained to hold that Appellant waived his claim that the admission of the photo was prejudicial, and the judgment of sentence must be upheld on that ground. *See Commonwealth v. Page*, 965 A.2d 1212, 1222 (Pa. Super. 2009) ("Where an objection is made, then a curative instruction issued, appellant's only challenge is to the adequacy of the curative instruction. Because [a]ppellant did not object to the instruction, any claim in relation to its adequacy is waived.") (Citations omitted).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/13/2024